**Donna K. MCNEW, Movant,**

**v.**

**KENTUCKY BAR ASSOCIATION, Respondent,**

**No. 2004–SC–1122–KB.**

Supreme Court of Kentucky.

Feb. 17, 2005.

Harry P. Hellings, Jr., Hellings & Pisa-cano, Covington, Counsel for Movant.

Jay R. Garrett, Kentucky Bar Association, Bruce K. Davis, Executive Director, Kentucky Bar Association, Frankfort, Counsel for Respondent.

## OPINION AND ORDER

The Movant, Donna K. McNew, KBA Member No. 82102, petitions this Court to enter an order permanently disbarring her from the practice of law in the Commonwealth. The Movant, whose last known address is 624 Madison Avenue, Covington, Kentucky 41011, requests permanent disbarment for the numerous charged and uncharged violations of The Kentucky Rules of Professional Conduct as follows:

(a) three counts of violating SCR 3.130–1.3 (diligence);

(b) five counts of violating SCR 3.130–1.4(a) (communication);

(c) two counts of violating SCR 3.130–1.4(b) (communication);

(d) three counts of violating SCR 3.130–1.15(b) (failure to provide funds to a client);

(e) four counts of violating SCR 3.130–8.1(b) (failure to comply with request from disciplinary authority); and

(f) seven counts of violating SCR 3.130–8.3(c) (dishonesty, fraud, deceit or misrepresentation).

In addition to permanent disbarment, Movant also agrees to pay the costs of the investigation and disciplinary action.

*Wal–Mart cases*

Movant represented Dorothy Young in an action against Wal–Mart. Without Young's knowledge or consent, Movant signed an agreed order dismissing the case with prejudice and signed a general release of all claims. Movant failed to inform Young of the settlement, kept the $10,000.00 settlement check, and failed to respond to the Inquiry Commission's complaint. Movant admits that she violated SCR 3.130–1.4(a) and (b), 1.15(b), 8.1(b), and 8.3(c).

Movant also represented Juanita Talley in her action against Wal–Mart. The case was dismissed with prejudice for Movant's failure to prosecute; however, Movant did not inform Talley of the dismissal and continued to maintain that she was negotiating a settlement in the case. Movant admits that she violated SCR 3.130–1.4(a) and 8.3(c) in her representation of Talley.

*Disability/workers' compensation cases*

Movant undertook representation of Terri L. Combs to obtain disability benefits from Combs's employer's insurance carrier. Movant did not pursue Combs's claim, yet maintained to Combs that the case was underway. Movant ignored Combs's various requests for information and failed to respond to Combs's bar complaint. Movant admits that she violated SCR 3.130–1.3, 1.4(a), and 8.1(b).

Movant agreed to represent Vickie Woodall in a workers' compensation claim. Movant did not file a claim on Woodall's behalf or take any steps to pursue the claim; yet she told Woodall that she was awaiting a court date for the claim she had

filed. Movant also failed to respond to Woodall's bar complaint. Movant admits that these acts violated SCR 3.130–1.3, 8.1(b), and 8.3(c).

E. Myron R.H. Rader sought Movant's legal services for a workers' compensation claim and a civil lawsuit he wished to file. Movant failed to take any action on behalf of Rader and misled Rader on several occasions by stating that she was waiting on a summary judgment ruling, had obtained summary judgment, or was waiting for news on the workers' compensation claim. Eventually Movant stopped responding to Rader's phone calls. Movant admits that her actions violated SCR 3.130–1.3, 1.4(a), and 8.3(c).

*Personal injury case*

Movant represented John Santini in his personal injury action. Movant settled the case and signed a release of all claims on behalf of Santini without his knowledge. When she received the $11,000.00 settlement check, she forged Santini's name and kept the money for herself. She also failed to respond to Santini's bar complaint. Movant admits that she violated SCR 3.130–1.4(a) and (b), 1.15(b), 8.1(b), and 8.3(c).

*Estate case*

Movant represented the Estate of Robert Clifford and was appointed administratrix. She did not file the estate inventory or any other documents with the probate court. The sole beneficiary received two checks as settlement of the estate amounting to approximately $200,000.00. The larger check in the amount of $159,136.40 was returned for insufficient funds. When estate documents were forwarded to the local judge because Movant had moved without leaving a forwarding address, it was discovered that over $120,000.00 was unaccounted for and that Movant had cashed several of the Estate's certificates of deposits and had sold the real property without depositing the money into the Estate account. Movant used Estate money to purchase a car and various other items for herself. Movant admits that her actions violated SCR 3.130–1.15(b) and 8.3(c).

*Conservator case*

Movant was appointed conservator of a fund for a minor with cancer. The fund was generated from contributions and fund raising events. Movant used $5,000.00 of the fund for her personal use, although she did return the money. Movant also did not provide updates on the fund to the minor's parents. She admits that these actions violated SCR 3.130–8.3(c).

The Bar Association has no objection to Movant's "Motion to Resign under Terms of Permanent Disbarment."

ACCORDINGLY, IT IS HEREBY ORDERED:

(1) Movant, Donna K. McNew, is permanently disbarred from the practice of law in the Commonwealth of Kentucky for multiple violations of SCR 3.130–1.3, 1.4(a) and (b), 1.15(b), 8.1(b), and 8.3(c).

(2) Pursuant to SCR 3.390, Movant shall, within ten (10) days from the entry of this Opinion and Order, notify in writing all courts in which she may have matters pending and all clients, of her inability to provide further legal services, and furnish the Director of the Kentucky Bar Association with a copy of all such letters.

(3) In accordance with SCR 3.450, Movant shall pay all costs associated with these disciplinary proceedings against her, including the amount of $113.75 assessed against her as of December 21, 2004, and for which execution may issue from this Court upon finality of this Opinion and Order.

All concur.

Entered: February 17, 2005.

/s/ Joseph E. Lambert
CHIEF JUSTICE